o

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION

MARIA E. GARCIA,                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §
                                  §   CIVIL ACTION NO. L-09-86
B.C. RESTAURANTS LTD. D/B/A       §
CHURCH'S CHICKEN,                 §
                                  §
          Defendant.              §
```

## MEMORANDUM AND ORDER

Plaintiff Maria E. Garcia brings two claims against Defendant B.C. Restaurants Ltd. d/b/a Church's Chicken. (Dkt. 1, Compl.)  Garcia's claims arise from events during her employment with Church's from May, 2000, until August 17 or 18, 2007.  Pending is Church's motion under Rule 12, Fed. R. Civ. P., to dismiss Garcia's claims or to require her to supply a more definite statement.  (Dkt. 4.)

## DISCUSSION

A. Applicable Law

Rule 8, Fed. R. Civ. P., requires that a pleading contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief."  Rule 8(a)(1).  The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests' . . . ."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) permits a party against whom a claim is brought to move to dismiss the pleading for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain allegations which, if accepted as true, would allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Rule 12(e) permits a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) provides that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

B. Garcia's First Claim

Garcia's first claim arises from Church's alleged failure to pay her overtime compensation guaranteed by the Fair Labor Standards Act (FSLA), 29 U.S.C. §§ 201-262.

Title 29, Section 207(a)(1), of the U.S. Code forbids having an employee work "for a workweek longer than forty hours unless such employee receives compensation for his employment in

excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Title 29, Section 216, provides that any employer who violates the FLSA shall be liable for "unpaid overtime compensation ... and in an additional equal amount as liquidated damages." § 216(b).  Section 216 also provides that "[a]ny person who repeatedly or willfully violates Section 206 or 207, relating to wages, shall be subject to a civil penalty not to exceed $1,100 for each such violation."  29 U.S.C. § 216(e)(2).

Garcia alleges that Church's failed to pay the overtime rate for five hours of overtime work done each week from August, 18, 2004, until August 18, 2007. (Compl. ¶ 11.) Garcia alleges that Church's managers were aware that Garcia was working in excess of forty hours per week and that they were aware of "the mandates of 29 U.S.C. § 207(a)(1)." (Id. at ¶ 13.) Accordingly, Garcia alleges that failing to pay her overtime was "a willful violation" of the FLSA. (Id. at ¶ 14.) Section 216(b) specifically confers jurisdiction on federal district courts to hear claims for violations of 29 U.S.C. § 207. Garcia also asserts federal question jurisdiction for her FLSA claim under 28 U.S.C. § 1331.

Church's asks the Court to dismiss or require a more definite statement of Garcia's FLSA claim because Garcia's complaint lacks "any indication of what actions [Church's] took

that were 'willful.'"  (Dkt. 4, Mt. Dism. 7.)  The Court finds that paragraphs 11 through 14 of Garcia's complaint clearly allege that Church's knowingly and repeatedly failed to pay Garcia the required overtime rate for a very extended time period.

C. Garcia's Second Claim

Garcia's second claim is for alleged violations of the worker's compensation provisions of the Texas Labor Code, TEX. LAB. CODE. ANN. §§ 401.001–506.002.

Chapter 408 of the Texas Labor Code specifies the benefits an injured employee is entitled to receive under Texas's worker's compensation regime.  TEX. LAB. CODE. ANN. §§ 408.001–408.222.  The exclusive means by which an injured employee covered by worker's compensation insurance may claim benefits is filing an administrative claim before the Worker's Compensation Division of the Texas Department of Insurance.  §§ 402.001, 408.001(a), 409.003–409.004.  Chapter 410 of the Texas Labor Code allows parties to a worker's compensation proceeding to bring an action for judicial review of the Division's decisions. §§ 410.251–410.252, 410.301.  Title 28, Section 1445(c), of the U.S. Code states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

However, jurisdiction exists under the same conditions as for other state law claims when the action for review is initially brought in federal court, as was done in this case. See <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 352 (1961) (where conditions of diversity jurisdiction exist, a federal district court may sit in review of a Texas agency's disposition of a worker's compensation claim as long as the review action was initially brought in federal court); see also <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 169 (1997) ("There is nothing in the text of [28 U.S.C.] § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination.")  Chapter 451 of the Texas Labor Code creates a cause of action against an employer who has discriminated against any employee for filing a worker's compensation claim, hiring a lawyer for the purpose of filing a claim, causing the Worker's Compensation Division to institute an investigative proceeding, or testifying at an investigative proceeding instituted by the Division.  See Tex. Lab. Code. Ann. §§ 451.001–451.002.

In support of her second claim, Garcia alleges that she was injured at work in June, 2007, when cooking oil was spilled on her left arm.  (Compl. ¶ 19.)  She alleges that Church's committed three subsequent wrongs.  First, Church's refused to

pay for medical treatment or to give Garcia the time off necessary to get treatment. (Compl. ¶ 22.) Second, her supervisors routinely humiliated and verbally abused her when her injury prevented her from working as quickly as they desired. (Id. at ¶¶ 21-24.) Third, Church's terminated Garcia in retaliation for reporting her injury and requesting medical treatment. (Id. at ¶ 25.)[1] Garcia asserts supplemental jurisdiction over her second claim under 28 U.S.C. § 1367(a).

Church's asserts that Garcia's complaint does not make clear "whether [Garcia] is seeking recovery under Chapter 408 and/or Chapter 451 of the Texas Labor Code." (Mt. Dism. ¶ 13.) Garcia clearly conceives of her second claim as being entirely based on Chapter 451. The complaint contains no mention of the provisions of Chapters 408 or 410 of the Texas Labor Code, and Garcia cites Chapter 451 as the basis on which she is entitled to recover for the injuries caused by the alleged wrongs:

> [a]s a direct and proximate result of [Church's] contravention of Chapter 451 of the Texas Labor Code, [Garcia] sustained personal injuries consisting of medical expenses necessitated by the work related injury, the benefits and salary she would have otherwise earned had she not been terminated, humiliation and pain

---

[1] Paragraph 25 of the complaint states that Garcia was terminated on August 17, 2008, but in paragraphs 8 and 16, Garcia alleges she was terminated on August 18, 2007. In her response to Church's motion, Garcia clarifies that the date in paragraph 25 "is erroneous due to a typographical error and should read August 17, 2007." (Dkt. 7, Resp. re Mt. Dism. ¶ 25.) Garcia does not address the discrepancy regarding the day of her termination (August 17 or 18).

> and suffering and, the loss of her personal and professional reputation.

(Compl. at ¶ 26.)  In her response to Church's motion, Garcia repeatedly indicates that she means to bring a claim under Chapter 451.  (Dkt. 7, Resp. re Mt. Dism. ¶¶ 7, 28, 39.)

Church's confusion regarding the legal basis of Garcia's second claim is nonetheless understandable.  To the extent that Garcia complains of deprivation of medical treatment expenses, Chapter 408 contains the exclusive remedy for wrongful withholding of worker's compensation: filing an administrative claim with the Worker's Compensation Division.  See Tex. Lab. Code. Ann. §§ 408.001(a), 409.003-409.004.  This Court could consider the merits of a compensation claim filed under Chapter 408 only through a Chapter 410 action for judicial review of the Division's decision.  Yet Garcia has made no allegations whatsoever concerning whether she filed a claim with the Worker's Compensation Division and, if she did, what was the disposition of her claim.[2]  This omission is also problematic for Garcia to the extent that she intends to rely on Chapter 451, which proscribes retaliation for filing, or hiring counsel in order to file, a claim before the Division.  See Tex. Lab. Code. Ann. §§ 451.001-451.002.  A liberal construal of Garcia's second

---

[2] The Court notes that before a party may seek judicial review of the Worker's Compensation Division's disposition of a claim, the party must first seek relief from the Division's appeals panel. See Tex. Lab. Code. Ann. § 410.251.

claim suggests that she may wish to bring both a Chapter 451 retaliation claim and a Chapter 410 action.

The inclusion of alleged wrongs to which Chapter 451 plainly does not apply (e.g., failing to pay for Garcia's medical treatment) and the complaint's silence regarding whether she filed a compensation claim render Garcia's second claim sufficiently ambiguous that Church's cannot reasonably prepare a response.  Garcia can remedy this ambiguity by (1) amending her complaint to include allegations indicating whether she filed a worker's compensation claim and the status of that claim; and (2) providing a more definite statement of the legal basis on which she believes she is entitled to recover for each of the wrongs alleged in paragraphs 20 through 26 of her complaint.

## CONCLUSION

Church's motion to dismiss or require a more definite statement (Dkt. 4) is DENIED with respect to Garcia's first claim.  Church's motion is GRANTED with respect to Garcia's second claim.  The Court ORDERS Garcia to amend her complaint to eliminate the ambiguity explained above.  If Garcia does not amend her complaint, or if Garcia's amendments are inadequate, the Court will dismiss her second claim under Rule 12(b)(6).  The Court notes that the parties have consented to mediate their dispute on May 19, 2010.  (Dkt. 11.)  The Court will allow

Garcia until May 28, 2010, to file an amended pleading, if the case cannot be settled.  Church's must serve its answer within 14 days after Garcia serves her amended complaint.  <u>See</u> Rule 12(a)(4)(B).

    DONE at Laredo, TX, this 4th day of May, 2010.

_____
George P. Kazen
Senior United States District Judge